PRISONER'S CIVIL RIGHTS COMPLAINT (Rev. 05/2015)

FILED
JAN 26 2024
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE __Western__ DISTRICT OF TEXAS
__San Antonio__ DIVISION

__Johnny Mansolo #2089160__
Plaintiff's Name and ID Number

__John B. Connally Unit__
Place of Confinement

CASE NO. __SA24CA0107 JKP__
(Clerk will assign the number)

v.

__Bobby Lumkin  Dir.  P.O. Box 99  Huntsville, Tx  77342__
Defendant's Name and Address

__Stephanie M. Bradley  Connally Unit  899 FM 632  Kenedy, Tx  78119__
Defendant's Name and Address

__Roy E. White  Capt. TDCJ  P.O. Box 99  Huntsville, Tx  77342__
Defendant's Name and Address
( DO NOT USE "ET AL.")

---

**INSTRUCTIONS - READ CAREFULLY**

NOTICE:

Your complaint is subject to dismissal unless it conforms to these instructions and this form.

1. To start an action you must file an original and once copy of your complaint with the court. You should keep a copy of the complaint for your own records.

2. Your complaint must be <u>legibly</u> handwritten, in ink, or typewritten. You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space, **DO NOT USE THE REVERSE SIDE OR BACKSIDE OF ANY PAGE.** ATTACH AN ADDITIONAL BLANK PAGE AND WRITE ON IT.

3. You must file a separate complaint for each claim you have unless the various claims are all related to the same incident or issue or are all against the same defendant, Rule 8, Federal Rules of Civil Procedure Make a short and plain statement of your claim, Rule 8, Federal Rules of Civil Procedure.

4. When these forms are completed, mail the original and once copy to the clerk of the United States district court for the appropriate district of Texas in the division where one or more named defendants are located, or where the incident giving rise to your claim for relief occurred. If you are confined in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), the list labeled as "VENUE LIST" is posted in your unit law library. It is a list of the Texas prison units indicating the appropriate district court, the division and an address list of the divisional clerks.

**FILING FEE AND *IN FORMA PAUPERIS* (IFP)**

1. In order for your complaint to be filed, it must be accompanied by the statutory filing fee of $350.00 plus an administrative fee of $50.00 for a total fee of $400.00

2. If you do not have the necessary funds to pay the fee in full at this time, you may request permission to proceed *in forma pauperis*. In this even you must complete the application to proceed *in forma pauperis*, setting forth information to establish you inability to prepay the fees and costs or give security therefor. You must also include a current six-month history of you inmate trust account. If you are an inmate in TDCJ-CID, you can acquire the application to proceed *in forma pauperis* and the certificate of inmate trust account, also known as *in forma pauperis* data sheet, from the law library at you prison unit.

3. The Prison Litigation Reform Act of 1995 (PLRA) provides "... if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." *See* 28 U.S.C. § 1915. Thus, the court is required to assess and, when funds exist, collect, the entire filing fee or a initial partial filing fee and monthly installments until the entire amount of the filing fee has been paid by the prisoner. If you submit the application to proceed *in forma pauperis*, the court will apply 28 U.S.C. § 1915 and, if appropriate, assess and collect the entire filing fee or an initial partial filing fee, then monthly installments from you inmate trust account, until the entire $350.00 statutory filing fee has been paid. (The $50.00 administrative fee does not apply to cases proceeding *in forma pauperis*.)

4. If you intend to seek *in forma pauperis* status, do not send you complaint without an application to proceed *in forma pauperis* and the certificate of inmate trust account. Complete all essential paperwork before submitting it to the court.

**CHANGE OF ADDRESS**

It is your responsibility to inform the court of any change of address and its effective date. Such notice should be marked **"NOTICE TO THE COURT OF CHANGE OF ADDRESS"** and shall not include any motion for any other relief. Failure to file a NOTICE OF THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

I.  PREVIOUS LAWSUITS:

   A. Have you filed *any* other lawsuit in state or federal court relating to your imprisonment? ✓ YES ___ NO

   B. If your answer to "A" is "yes", describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, giving the same information.)

   1. Approximate date of filing lawsuit: Dec. 2017
   2. Parties to previous lawsuit:
      Plaintiff(s) Johnny Mansolo #2089160
      Defendant(s) Lorie Davis Director TDCJ CID
   3. Court: (If federal, name the district; if state, name the county.) Northern Dist. (Lubbock)
   4. Cause number: 5:17-CV-076-C
   5. Name of judge to whom case was assigned: Senior Judge Sam R. Cummings
   6. Disposition: (Was the case dismissed, appealed, still pending?) Dismissed WOP
   7. Approximate date of disposition: Aug. 2019

Rev. 05/15

II. PLACE OF PRESENT CONFINEMENT: John B. Connally Unit Kenedy, Tx

III. EXHAUSTION OF GRIEVANCE PROCEDURES:

Have you exhausted all steps of the institutional grievance procedure?   ✓ YES ___NO

Attach a copy of your final step of the grievance procedure with the response supplied by the institution.

IV. PARTIES TO THIS SUIT:

A. Name and address of plaintiff: Johnny Mansolo #2089160
John B. Connally Unit
899 FM 632 Kenedy, Tx 78119

B. Full name of each defendant, his official position, his place of employment, and his full <u>mailing</u> address.

Defendant #1: Bobby Lumkin Director TDCJ Corr. Inst. Div.
P.O. Box 99 Huntsville, Tx 77342

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.


Defendant #2: Roy E. White Captain TDCJ
Wrongly found me guilty of Disc. reports #20230106944, #20230111848
Briefly describe the acts(s) or omission(s) of this defendant which you claimed harmed you.
refusing to allow me to properly question my accusers and removing me from my hearing.

Defendant #3: Gabrielle T. Villereal Coun. Sub. I
TDCJ Connally Unit 899 FM 632 Kenedy, Tx 78119
Briefly describe the acts(s) or omission(s) of this defendant which you claimed harmed you.
Denied my due process by not properly assisting with my defense and obtaining crucial documentary evidence.

Defendant #4: Stephanie M. Bradley Law Librarian III
TDCJ Connally Unit 899 FM 632 Kenedy, Tx 78119
Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
#20230106946
Falsely filed disc. report, lied and wrongly accused me of threatening her.

Defendant #5: Victoria E. Rodriguez Law Librarian II
TDCJ Connally Unit 899 FM 632 Kenedy, Tx 78119
Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you. #20230111848
Filed false disc. report & accused me of threatening her and admitted on record (audio recording) of her uncertainty that it was I Johnny Mansolo that sent those threatening I-60's to her.

Rev. 05/15

3

V. STATEMENT OF CLAIM:

State here in a short and plain statement the facts of your case that is, what happened, where did it happen, when did it happen, and who was involved. Describe how each defendant is involved. You need not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra pages if necessary, but remember the complaint must be stated briefly and concisely. IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOU COMPLAINT.

On Feb. 14 & Feb. 21, 2023 while in 12 Bldg. E pod 7 cell I was accused of sending a threatening I-60 request to Law Librarian staff, Stephanie M. Bradley LLB III and Victoria E. Rodriguez LLB II. I vehemently denied doing so from the beginning. At my DHO hearing I asked for copies of the I-60 and all documentary evidence in order to file a grievance. Capt. Roy E. White told me to contact the Law Library for the requested evidence and documents. All my attempts to gain access to these materials were refused by Ms. Bradley, who is my accuser and in charge of the Law Library at this Unit. So my due process

VI. RELIEF:

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

I ask to have these disciplinary cases removed from my record as I have been falsely and wrongly accused and found guilty.

VII. GENERAL BACKGROUND INFORMATION:

A. State, in complete form, all names you have ever used or been known by including any and all aliases.
John Candido Mansolo, Johnny Candido Mansolo, Johnny Mansolo

B. List all TDCJ-CID identificaiton numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you.
774810, 2089160, 69057-080

VIII. SANCTIONS:

A. Have you been sanctioned by any court as a result of any lawsuit you have filed? ____YES ✓ NO

B. If your answer is "yes," give the following information for every lawsuit in which sanctions were imposed. (If more than one, use another piece of paper and answer the same questions.)

　1. Court that imposed sanctions (if federal, give the district and division): _____

　2. Case number: _____

　3. Approximate date sanctions were imposed: _____

　4. Have the sanctions been lifted or otherwise satisfied? ____YES ____NO

Rev. 05/15

4

Rights were denied. The grievances I filed did not provide any corrective action either.

② (Gabrielle Villareal) Co Sub II.
The Counsel substitute who is supposed to assist and help me to prepare my defense also denied my due process when she would not attempt to help me gain access to the documentary evidence and I-60 that was used against me at my hearing.

③ Capt. Roy E. White refused to allow me to properly question my accusers and had me removed with unnecessary force when I attempted to continue to ask questions as I am not guilty of these charges.

④ (H.M. Pederson)
The Central Grievance Office also denied my due process and did not properly investigate my claims. If they would have did a more thourough investigation they would have found that I was only given access to listen to the audio recordings of my DHO hearings from #20230111848 & #20230106952 on 5-11-23. So how could I possibly know of Ms. Bradleys and Ms. Rodriguez statements in order to file a grievance in Feb. 2023 as I was removed from my hearing and never finished listening to their testimonies. A timely grievance that is.

⑤ These unfair and malicious acts have not only denied my due process rights, but have also caused me to lose my custody level (S4) status and level from L1 to L3 where now I am forced to remain in Ad. Seg. Also lost my Hardship Transfer by receiving this false disc. case.

(Attachment to Civil Complaint)

C. Has any court ever warned or notified you that sanctions could be imposed?   ____ YES  ✓ NO

D. If your answer is "yes," give the following information for every lawsuit in which a warning was issued. (If more than one, use another piece of paper and answer the same questions.)

1. Court that issued warning (if federal, give the district and division): _____
2. Case number: _____
3. Approximate date warning was issued: _____

Executed on: 1-22-24
             DATE

_____
Johny C. Mansolo
(Signature of Plaintiff)

## PLAINTIFF'S DECLARATIONS

1. I declare under penalty of perjury all facts presented in this complaint and attachments hereto are true and correct/
2. I understand, if I am released or transferred, it is my responsibility to keep the court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.
3. I understand I must exhaust all available administrative remedies prior to filing this lawsuit.
4. I understand I am prohibited from brining an *in forma pauperis* lawsuit if I have brought three or more civil actions or appeals (from a judgment in a civil action) in a court of the United States while incarcerated or detained in any facility, which lawsuits were dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger of serious physical injury.
5. I understand ever if I am allowed to proceed without prepayment of costs, I am responsible for the entire filing fee and costs assessed by the court, which shall be deducted in accordance with the law from my inmate trust account by my custodian until the filing fee is paid.

Signed this  22  day of  January , 20 24 .
             (Day)           (month)           (year)

_____
Johny C. Mansolo
(Signature of Plaintiff)

**WARNING: Plaintiff is advised any false or deliberately misleading information provided in response to the above questions may result in the imposition of sanctions. The sanctions the court may impose include, but are not limited to, monetary sanctions and the dismissal of this action with prejudice.**

Rev. 05/15

5

**Texas Department of Criminal Justice**

# STEP 1

**OFFENDER GRIEVANCE FORM**

**OFFICE USE ONLY**

Grievance #: 2023110819
Date Received: MAY 26 2023
Date Due: 07/05/2023
Grievance Code: 815
Investigator ID #: 2944
Extension Date: _____
Date Retd to Offender: AUG 22 2023

Offender Name: Johnny Mansolo   TDCJ # 2089160
Unit: CY   Housing Assignment: 12 D-14
Unit where incident occurred: CY

---

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? CS Villareal, LLB III Bradley   When? 5-11, 5-25
What was their response? "You will listen to the other audio tomorrow", "I can't give you those I-60's"
What action was taken? No corrective action

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

On 5-11-23 I was called to Maj. office by CS Villareal in order to listen to Disc. Audio recordings #20230106946 and #20230106952. After listening to the recordings I still had two other recordings I had requested to listen to #20230111848 and #20230115939, but Ms. Villareal told me there was not enough time to listen to all four recordings and that she would call me back out the next day 5-12-23 to finish listening to the last two recordings. Well I waited and waited and she never called me back out and here its now been over almost two weeks and still nothing.

Ms. Villareal also told me that Ms. Bradley or whoever works in the Law Library would provide me with all the documentary evidence that was used against me at my hearing. I have specifically requested numerous times for the non-frivolous evidence which is several I-60's that were written by someone impersonating me and threatening Ms. Bradley and Ms. Rodriguez LLB II. Yet, Ms. Bradley continues to refuse to provide these documents. She again refused on 5-25-23.

It states in Policy 03.81 Rules Governing Offender Disc Procedures and A.D. 04.35 and ED-03.76 Offender Disc Actions and Offender Disc. Procedures that if I present non-frivolous evidence which is true and would contradict the disc. report that offender has the right to examine said documentary evidence which does not

I-127 Front (Revised 11-2010)   YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM   (OVER)

Appendix F

include investigation report witness statements charges or any written statements by charging officer. Also, that I have the right to question the charging officer about this non frivolous documentary evidence (I-60's)

BP. 03.81 states that: officers, employees of TDCJ shall not interfere, harass, punish, or otherwise penalize any inmate for filing Grievances, lawsuits, or appeals or complaints.

That is official misconduct and I am attempting to clear my name of this wrongdoing. #2023077187 Inappropriate Disciplinary Actions are strictly prohibited.

**Action Requested to resolve your Complaint.** To have a complete and thourough investigation on this matter and for the Dept. Review Board to act on it.

**Offender Signature:** Johny Mandolo **Date:** 5-25-23

**Grievance Response:**

An investigation has been conducted into your complaint. After obtaining and reviewing statements from staff it was noted all hearings requested have been completed as of 06/21/23. No further action is warranted.

**Signature Authority:** Warden Puente **Date:** 7-14-2023

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

**Returned because:** *Resubmit this form when the corrections are made.

☐ 1. Grievable time period has expired.
☐ 2. Submission in excess of 1 every 7 days. *
☐ 3. Originals not submitted. *
☐ 4. Inappropriate/Excessive attachments. *
☐ 5. No documented attempt at informal resolution. *
☐ 6. No requested relief is stated. *
☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *
☐ 8. The issue presented is not grievable.
☐ 9. Redundant, Refer to grievance # _____
☐ 10. Illegible/Incomprehensible. *
☐ 11. Inappropriate. *

**UGI Printed Name/Signature:** _____

Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.

**Medical Signature Authority:** _____

I-127 Back (Revised 11-2010)

**OFFICE USE ONLY**
Initial Submission    UGI Initials: _____
Grievance #: _____
Screening Criteria Used: _____
Date Recd from Offender: _____
Date Returned to Offender: _____
2nd Submission    UGI Initials: _____
Grievance #: _____
Screening Criteria Used: _____
Date Recd from Offender: _____
Date Returned to Offender: _____
3rd Submission    UGI Initials: _____
Grievance #: _____
Screening Criteria Used: _____
Date Recd from Offender: _____
Date Returned to Offender: _____

Appendix F



# Texas Department of Criminal Justice
## STEP 2 — OFFENDER GRIEVANCE FORM

DEC 2 0 2023

**OFFICE USE ONLY**
Grievance #: 2023125068
UGI Recd Date: AUG 24 2023
HQ Recd Date: AUG 30 2023
Date Due: 10-3-2023
Grievance Code: 815
Investigator ID#: 12906
Extension Date: NOV 1 2 2023

Offender Name: Johnny Mansolo    TDCJ # 2089160
Unit: CY    Housing Assignment: 12D-14
Unit where incident occurred: CY

You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.

**Give reason for appeal (Be Specific).** *I am dissatisfied with the response at Step 1 because...*

AW Puente did not investigate or even attempt to look into the requested action I asked for. To wit: Having DRB or Reviewing authority listen to audio from # 20230111848, and # 20230106952 where my accused Stephanie Bradley LLB III and Victoria Rodriguez LLB II both stated that they "could not be certain, or did not know" that it was I, Johnny Mansolo, 2089160 that sent threatening I-60's to them at the Law Library in Feb. 2023. This is proof beyond a reasonable doubt and I am being unfairly denied this due process. I maintain my innocence because this system is not fair and seems to be corrupt.

Also, I stated at my hearing and in my Step 1 that Ms. Bradley lied when she said she never told me that she had "got my note" when she came to my cell back in Feb. but she then files a disc. on me claiming I threatened her. AW Puente failed to investigate that issue also. She said on record at my hearing that that happened quote "a week prior or before" I supposedly threatened her. Which I didn't. She said that on audio over the speaker phone. I heard it, Ms. Villareal heard, and so did Captain White. Yet, AW. Puente is disregarding all this evidence that

I-128 Front (Revised 11-2010)   YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM   (OVER)

Appendix G

shows I have been wrongly charged, accused, punished and it is not fair.
Prison staff and officials tell us to utilize the grievance system when we have issue, yet this system is flawed and very unfair because, you all know its wrong thats all. We can never win.

**Offender Signature:** Johnny Manzolo  **Date:** 8-22-23

**Grievance Response:**

An investigation was conducted into your complaint by the Central Grievance Office. There was no evidence found to substantiate your claims of staff lying during your disciplinary hearing nor denying you legal documents and materials. Furthermore, audio will not be reviewed by Grievance, viewing authority, due to you not appealing the disciplinary case within the appropriate time allotted. No evidence of staff misconduct or policy violations. No further action warranted by this office.

H. M. Pederson

**Signature Authority:** _____  **Date:** OCT 3 0 2023

**Returned because:** *Resubmit this form when corrections are made.*

☐ 1. Grievable time period has expired.
☐ 2. Illegible/Incomprehensible.*
☐ 3. Originals not submitted. *
☐ 4. Inappropriate/Excessive attachments.*
☐ 5. Malicious use of vulgar, indecent, or physically threatening language.
☐ 6. Inappropriate.*

**CGO Staff Signature:** _____

| OFFICE USE ONLY | |
|---|---|
| **Initial Submission** | **CGO Initials:** _____ |
| Date UGI Recd: | |
| Date CGO Recd: | |
| (check one) ___Screened ___Improperly Submitted | |
| Comments: | |
| Date Returned to Offender: | |
| **2nd Submission** | **CGO Initials:** _____ |
| Date UGI Recd: | |
| Date CGO Recd: | |
| (check one) ___Screened ___Improperly Submitted | |
| Comments: | |
| Date Returned to Offender: | |
| **3rd Submission** | **CGO Initials:** _____ |
| Date UGI Recd: | |
| Date CGO Recd: | |
| (check one) ___Screened ___Improperly Submitted | |
| Comments: | |
| Date Returned to Offender: | |

I-128 Back (Revised 11-2010)                                  **Appendix G**



**Texas Department of Criminal Justice**

# STEP 1 — OFFENDER GRIEVANCE FORM

**OFFICE USE ONLY**
Grievance #: 2023125988 ~~2023122286~~
Date Received: JUN 28 2023
Date Due: ~~08-05-2023~~ 8/9/23
Grievance Code: 815
Investigator ID #: #2444
Extension Date:
Date Retd to Offender: AUG 09 2023

Offender Name: Johnny Mansolo   TDCJ # 2089160
Unit: CY   Housing Assignment: 12 D-14
Unit where incident occurred: CY

---

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.
Who did you talk to (name, title)? Ms. Villareall (CS) AW Puente   When? 6-21-23
What was their response? "Write to Huntsville" "Go over her head"
What action was taken? No corrective action

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

On 6-21-23 I listened to audio recordings of disc. reports #20230106946 and #20230111848 where Ms. Stephanie Bradley LLBIII and Victoria Rodriguez LLBII both stated on record to CS and DHO questioning that they quote "Do not know if I was the person that sent threatening I-60's to them. Ms. Bradley also lied about her coming to my housing 12 E-7 cell on or about 2-14-23 (not certain of exact date but it can be verified by examining the roster signed in picket) to give me a letter that needed a new address (the letter was to Capacity for Justice Texas Defender Service and that can also be verified as there is a record in the Law Library of all legal mail). As she was talking to me she casually stated that she had quote "got my note". She said "by the way I got your note and don't appreciate being threatened" I did not know what she meant or was talking about and I replied "what note" and "I didn't threaten nobody." She said "the one where you say you will stab me and Ms. Mendez." On audio recording Ms. Bradley lied saying quote "I took him that letter like a week prior to him sending the threatening I-60." That is not correct and she is attempting to justify her wrongdoing now when she came to try to placate me by bringing me some documents I have been asking for since March 2023. Ms. Bradley also

I-127 Front (Revised 11-2010)   **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**   (OVER)

*Attaching documents as proof
SCFO, RTS envelopes from Texas Def. Ser.
Capacity for Justice

Appendix F

lied (access to courts) when she stated on 6-19-23 that she was the ~~quote~~ OPEN RECORDS Coordinator and the Access to Courts Supervisor. I wrote to ATC in Huntsville in April requesting their help and they told me that the records I was requesting were available at the Units Law Library. So Ms. Bradley is and has been for months now denying me legal documents and materials (documentary evidence) that I receive to file legal complaints, appeals, grievances, etc. Rule 32 (Level 2 violation) Giving false testimony or information. Rule 27 (Level 3) Failure to turn in evidence. Rule 41 (Level 2) Denial of Uniform ATC-offenders right to legal

**Action Requested to resolve your Complaint:** I ask that the DRB or Reviewing Authority listen to the audio 10 # 20230111848 & # 20230106952 and to check roster and sign-in from Feb. 20, 23 to show Ms Bradley is not telling the truth.

**Offender Signature:** Johny Munster    **Date:** 6-26-23

**Grievance Response:**

An investigation has been conducted into your complaint. After obtaining and reviewing statements from staff, no evidence was found to substantiate your claims against staff; nor was evidence found that staff violated policy. No further action is warranted.

Asst. *Warden C. Puente*

**Signature Authority:** _____   **Date:** 8.3.2023

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

**Returned because:**    *Resubmit this form when the corrections are made.

☐ 1. Grievable time period has expired.
☐ 2. Submission in excess of 1 every 7 days. *
☐ 3. Originals not submitted. *
☒ 4. Inappropriate/Excessive attachments. *
☒ 5. No documented attempt at informal resolution. *
☐ 6. No requested relief is stated. *
☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *
☐ 8. The issue presented is not grievable.
☐ 9. Redundant, Refer to grievance # _____
☐ 10. Illegible/Incomprehensible. *
☐ 11. Inappropriate. *

**UGI Printed Name/Signature:** L.Salas Investigator III

Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.

**Medical Signature Authority:** _____

I-127 Back (Revised 11-2010)

**OFFICE USE ONLY**
Initial Submission   UGI Initials: LS
Grievance #: 2023122280
Screening Criteria Used: #04 #899
Date Recd from Offender: JUN 26 2023
Date Returned to Offender: JUN 26 2023
2nd Submission    UGI Initials: _____
Grievance #: _____
Screening Criteria Used: _____
Date Recd from Offender: _____
Date Returned to Offender: _____
3rd Submission    UGI Initials: _____
Grievance #: _____
Screening Criteria Used: _____
Date Recd from Offender: _____
Date Returned to Offender: _____

Appendix F

# Texas Department of Criminal Justice

## STEP 1 — OFFENDER GRIEVANCE FORM

OFFICE USE ONLY
Grievance #: _____
Date Received: _____
Date Due: _____
Grievance Code: _____
Investigator ID #: _____
Extension Date: _____
Date Retd to Offender: _____

Offender Name: **Johnny Mansolo**   TDCJ # **2089160**
Unit: **CY**   Housing Assignment: **12 D-14**
Unit where incident occurred: **CY**

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? **CS GARCIA, CS VILLAREAL, CAPT. White**   When? **5-11, 4-22**
What was their response? **If she can't answer beyond a doubt we will throw-out**
What action was taken? **No corrective action**

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

On 5-11-23 while listening to audio recording 20230106952 & 20230106946, one of my accusers, V. Rodriguez LLB II was asked by Capt. White, "How do you know it was Mansolo who sent the I-60" and she answered "I don't know if it was him." That is enough to have all these false charges overturned. Ms. Garcia told me at the beginning that if my accusers couldn't answer that question beyond a doubt that all my charges would be overturned. Listening to Ms. Rodriguez say what she said proves it.

Please do an investigation thouroughly and completely and restore my record. by correcting this disc action. The directives state ED:0376, AD 04.35 that the charges can be overturned by Grievance procedure, or Review board

MAY 17 2023

I-127 Front (Revised 11-2010)   YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM   (OVER)

Appendix F

MAY 17 2023

_____
_____
_____
_____
_____
_____
_____
_____
_____

**Action Requested to resolve your Complaint.** To overturned these charges and disc. actions and correct my record. I just ask for fairness and due process

**Offender Signature:** _Johny Marsolo_  **Date:** 5-17-23

**Grievance Response:**




**Signature Authority:** _____  **Date:** _____

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

**Returned because:**       *Resubmit this form when the corrections are made.

☒ 1. Grievable time period has expired.
☐ 2. Submission in excess of 1 every 7 days. *
☐ 3. Originals not submitted. *
☐ 4. Inappropriate/Excessive attachments. *
☐ 5. No documented attempt at informal resolution. *
☐ 6. No requested relief is stated. *
☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *
☐ 8. The issue presented is not grievable.
☐ 9. Redundant, Refer to grievance #_____
☐ 10. Illegible/Incomprehensible. *
☐ 11. Inappropriate. *

**UGI Printed Name/Signature:** J. McNeal — J.McNeal Investigator II

Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.

**Medical Signature Authority:** _____

I-127 Back (Revised 11-2010)

| OFFICE USE ONLY | |
|---|---|
| Initial Submission | UGI Initials: Jm |
| Grievance #: 2023106583 | |
| Screening Criteria Used: #01 #499 | |
| Date Recd from Offender: MAY 17 2023 | |
| Date Returned to Offender: MAY 17 2023 | |
| 2nd Submission | UGI Initials: _____ |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Recd from Offender: _____ | |
| Date Returned to Offender: _____ | |
| 3rd Submission | UGI Initials: _____ |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Recd from Offender: _____ | |
| Date Returned to Offender: _____ | |

Appendix F

# STEP 1 — OFFENDER GRIEVANCE FORM

**Texas Department of Criminal Justice**

OFFICE USE ONLY
- Grievance #: _____
- Date Received: _____
- Date Due: _____
- Grievance Code: 3084
- Investigator ID #: _____
- Extension Date: _____
- Date Retd to Offender: _____

Offender Name: **Johnny Mansolo**   TDCJ #: **2089160**
Unit: **C4**   Housing Assignment: **12 E-60**
Unit where incident occurred: **C4**

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? **Lt. Og, Sgt. Quintero, CO I Guzman**   When? **2-22-23**
What was their response? **File grievance**
What action was taken? **No corrective action**

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate.

On 2-22-23 while in leadership office at DHO hearing I was assaulted by CO IV Matthew N. Ramos when he intentionally and unnecessarily jerked me towards the exit door while I was standing still and attempting to talk to Capt. White about his unfair practices of ~~not~~ refusing to let me question my accuser V. Rodriguez over the speakerphone. I would not comply, but was in no way being agressive or resisting. I was calm, yet CO Ramos slammed me very roughly to the floor causing me to strike my head and my shoulder on the hard floor, and then he used his boot to viciously and w/ intent to do me bodily harm kicked me directly in my head (forehead) causing me undue pain and suffering. I was examined by Ms. Eads from medical after being escorted to my housing by CO I Guzman and CO IV Ortega and Lt Og, Sgt Quintero, and she told me I probably had a "concussion" and if I needed an icepack. I refused as I was extremely upset with what had occurred. And Ms Eads said she would come back to check on me "when things cooled down". Her exact words.

So I was assaulted unnecessarily by this CO Ramos who is the same officer who refused to feed me my Xmas meal on 12-25-22 while I was in ~~D~~-12-D-72 cell and ~~he also used them~~ he has since been harrassing me. My escort was from Torres Unit (didnt get his name or rank)

MAR 08 2023

I-127 Front (Revised 11-2010)   YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM   (OVER)

APR 03 2023   Appendix F

continuously since. On the same day he assaulted me 2-22-23 he came to 12 D-5 section where I am housed in 60 cell to relieve the officer CO Trevino (Mobile) who was on CDO duty. When he came into the section he looked at me as I was at my door and he replied, quote, "Mansolo you got that pussy." I told the CO on CDO, Mr. Trevino that Ramos was agitating me and attempting to engage me and he, Trevino, said he would say something to the Lieutenant. CO II Ramos continues to harass and retaliate on me and that is the sole reason for him kicking my head unnecessarily.

**Action Requested to resolve your Complaint.** Cpt. Rojas, Capt. White, SG Garcia CO, escorting me to have investigation and question all the people who were present and in the DHO office when this assault took pl

**Offender Signature:** John Mansolo   **Date:** 3-7-23

**Grievance Response:**

---

**Signature Authority:** _____   **Date:** _____

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

**Returned because:**   *Resubmit this form when the corrections are made.

☐ 1. Grievable time period has expired.
☐ 2. Submission in excess of 1 every 7 days. *
☐ 3. Originals not submitted. *
☐ 4. Inappropriate/Excessive attachments. *
☐ 5. No documented attempt at informal resolution. *
☐ 6. No requested relief is stated. *
☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *
☒ 8. The issue presented is not grievable.
☐ 9. Redundant, Refer to grievance # _____
☐ 10. Illegible/Incomprehensible. *
☐ 11. Inappropriate. *

**UGI Printed Name/Signature:** J.McNeal Investigator II /s/ J. McNeal

Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.

**Medical Signature Authority:** _____

I-127 Back (Revised 11-2010)

**OFFICE USE ONLY**
Initial Submission   UGI Initials: JM
Grievance #: 2023077210
Screening Criteria Used: #08 #899
Date Rec'd from Offender: MAR 08 20
Date Returned to Offender: MAR 08 2023
2nd Submission   UGI Initials: _____
Grievance #: _____
Screening Criteria Used: _____
Date Rec'd from Offender: _____
Date Returned to Offender: _____
3rd Submission   UGI Initials: _____
Grievance #: _____
Screening Criteria Used: _____
Date Rec'd from Offender: _____
Date Returned to Offender: _____

Appendix F

Texas Department of Criminal Justice

⊕BY

★ **EMERGENCY**

# STEP 1 OFFENDER GRIEVANCE FORM

OFFICE USE ONLY

Grievance #: _____
Date Received: _____
Date Due: _____
Grievance Code: _____
Investigator ID #: _____
Extension Date: _____
Date Retd to Offender: _____

Offender Name: **Johnny Mansolo** TDCJ # **2089160**
Unit: **CY** Housing Assignment: **12 E-60**
Unit where incident occurred: **CY**

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.
Who did you talk to (name, title)? **Capt. White (DHO officer), CS Garcia** When? **2-22; 2-23-23**
What was their response? **Guilty w/ 120 days Sanctions, "file a grievance" seperate one**
What action was taken? **Nothing as of yet, but still waiting on post-poned hearing results from same staff members**

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

On 2-22-23 while in leadership office at DHO hearing I was attempting to question Ms. Y. Rodriguez LLB II about her false accusations against me after CO IV Ortega had just moments before refuted her story about my alledged threating words she claims, I said. Suddenly, Capt. White became agitated and somewhat angry at my questioning, (I was trying to show Ms. Rodriguez actual motive and reason for filing a falsified and untrue disciplinary report against me. But, I was told by Capt. White to leave the office as my hearing was over.

All I wanted to do was prove how Ms. Rodriguez is a liar and was attempting to do me harm by wrongly and maliciously filing a Disciplinary report against me after I had questioned her actions and basically, accused her and her co-workers of intercepting, inspecting, copying and or illegally reading my Special, Legal or otherwise Priviledged correspondence. She was very angry on 2-10-23 and CO V Guzman can attest to this fact along with CO IV Ortega. CO Guzman had come to my cell on the morning of 2-21-23 and told me quote, "Mansolo, I got a bone to pick with you", "Ms. Rodriguez told me you threatened her." I responded with, "she is lying I never threatened her or anybody else." Yet, the next day when I was told I had a dis. case by CS Garcia I then saw how Ms. Rodriguez had used CO Guzman as an informer to

I-127 Front (Revised 11-2010)    YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM

MAR 08 2023 (OVER)

APR 03 2023    Appendix F

try to gain advantage and get any helpful information to use against me. I was asleep a few hours later when I sensed someone's presence and when I got up quickly and looked out my cell door I saw CO Guzman and Ms. Rodriguez sneaking away from in front of my cell. Rodriguez claimed upon questioning on speakerphone, that she was there doing her "rounds", which is also a lie, because there were only 4 or 5 offenders housed in 12-E-5 section. Two were CDO's and 62 cell and 61 cell both said she never approached any cells except mine 12-E-60. I ask for camera footage to prove she's lying.

**Action Requested, to resolve your Complaint.** I ask for a thorough and proper investigation to be initiated to show V. Rodriguez's wrongful and malicious intent to do me harm by falsely filing a dis. report that is untrue. And that my line class, custody status be restored and the report be expunged from my record.

**Offender Signature:** Johnny C. Mansolo  **Date:** 3-6-23

**Grievance Response:**

**Signature Authority:** _____   **Date:** _____

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

**Returned because:**   *Resubmit this form when the corrections are made.

- ☐ 1. Grievable time period has expired.
- ☒ 2. Submission in excess of 1 every 7 days. *
- ☐ 3. Originals not submitted. *
- ☐ 4. Inappropriate/Excessive attachments. *
- ☐ 5. No documented attempt at informal resolution. *
- ☐ 6. No requested relief is stated. *
- ☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *
- ☐ 8. The issue presented is not grievable.
- ☐ 9. Redundant, Refer to grievance # _____
- ☐ 10. Illegible/Incomprehensible. *
- ☐ 11. Inappropriate. *

**UGI Printed Name/Signature:** J.McNeal Investigator II / J. McNeal

Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.

**Medical Signature Authority:** _____

I-127 Back (Revised 11-2010)

| OFFICE USE ONLY |
|---|
| Initial Submission   UGI Initials: _____ |
| Grievance #: 2023077215 |
| Screening Criteria Used: #02 #899 |
| Date Rec'd from Offender: MAR 08 2023 |
| Date Returned to Offender: MAR 08 2023 |
| 2nd Submission   UGI Initials: _____ |
| Grievance #: _____ |
| Screening Criteria Used: _____ |
| Date Rec'd from Offender: _____ |
| Date Returned to Offender: _____ |
| 3rd Submission   UGI Initials: _____ |
| Grievance #: _____ |
| Screening Criteria Used: _____ |
| Date Rec'd from Offender: _____ |
| Date Returned to Offender: _____ |

Appendix F